IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD A. CHAVEZ,

    Plaintiff,

vs.                                                      No. CV 20-731 KG/GBW

CITY OF ALBUQUERQUE,

    Defendant.

MEMORANDUM OPINION AND ORDER

    Plaintiff Donald Chavez, proceeding in this action *pro se*, alleges that "he is a direct descendant of New Mexico's first 1598 Spanish colonists and a grand-nephew of the late Governor Juan de Oñate y Salazar (Oñate)." (Doc. 1-1) at 1.  In his Complaint, Mr. Chavez asserts that Defendant City of Albuquerque (City) violated the Open Meetings and Civil Rights Acts by removing the "La Jornada memorial monument tribute" dedicated to Oñate. *Id.* at 2. Mr. Chavez contends that the City's removal of the Oñate monument, and the "unilateral false, libelous, and slanderous accusations" against Oñate, violate "the Equal Treatment of the Law provisions" and "Article VIII of the Treaty of Guadalupe Hidalgo." *Id.* at 6.  As a result, Mr. Chavez urges this Court to "restore the monument to its former location" and "correct all history books and teachings" which negatively depict Oñate's legacy. *Id.* at 8-9.

    Presently before the Court is the City's Motion to Dismiss Mr. Chavez's Complaint with Prejudice in Lieu of Answer (Motion) (Doc. 7).  The Motion is now fully and timely briefed. *See* (Doc. 9, Response, Doc. 10, Reply).  The Court notes jurisdiction under 28 U.S.C. § 1331, as an action arising under 42 U.S.C. § 1983.  After review of the parties' briefing and the relevant

law, the Court grants in part and denies in part the City's Motion (Doc. 7) and dismisses Mr. Chavez's Complaint without prejudice.

I.   Standard

As a *pro se* litigant, the Court liberally construes Mr. Chavez's Complaint and response to the City's Motion. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (explaining that *pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers"). Nevertheless, a "*pro se* litigant must 'follow the same rules of procedure that govern other litigants.'" *Mayfield v. Presbyterian Hosp. Admin.*, 772 Fed. Appx. 680, 685 (10th Cir. 2019) (citation omitted). Pursuant to the Federal Rules, a litigant must make "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard requires that the litigant "state [his] claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatwright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

In addition, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Emps.' Ret. Sys. of R.I. v. Williams Cos., Inc.*, 889 F.3d 1153, 1161 (10th Cir. 2018) (citation omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that to survive dismissal, complaint must "state a claim to relief that is plausible on its face"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Free Speech v. Fed. Election Comm'n*, 720 F.3d 788, 792 (10th Cir. 2013) (citation omitted).

In making this plausibility assessment, courts "accept as true 'all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.'" *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (citation omitted). As a result, a

court "may not dismiss on the ground that it appears unlikely the allegations can be proven." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).  "[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context." *Id.* at 1248.  Accordingly, a court should conduct its plausibility and sufficiency analyses on a case-by-case basis.  *See id.* at 1248-49 (explaining that complaint alleging negligence may require less factual support than conspiracy or qualified immunity action).

II.  Discussion

In its Motion, the City proffers five arguments in support of the Complaint's dismissal.  First, the City contends Mr. Chavez does not assert a "personal injury" to state a viable claim under 42 U.S.C. § 1983.  (Doc. 7) at 3.  Second, the City argues that Mr. Chavez "does not allege that the City had an official policy or custom that caused any alleged violation of his constitutional rights." *Id.* at 5.  Third, the City claims that Mr. Chavez "does not set forth any facts which show that he attempted to exercise the right to full benefits and enjoyment of a place of public accommodation," as required under Title II of the Civil Rights Act.  *Id.* at 5-6.  Fourth, the City contends that Mr. Chavez's Complaint "fails to comply with the notice pleading requirements required by Fed. R. Civ. P. 8." *Id.* at 6-7.  Fifth, and finally, the City argues Mr. Chavez "lacks standing to bring any claims as a member of a class." *Id.* at 8.

In his response, Mr. Chavez asserts that "it is not reasonable to dismiss [his] cause[s] of action before [he is afforded] the right to discovery." (Doc. 9) at 1.  Mr. Chavez explains that he "filed a request ... under the Freedom of Information Act (FOIA) … [and] has not received a response." *Id.*  In addition, Mr. Chavez recites the information he requested under FOIA, and

explains that the requested "evidence will produce data substantiating allegations made in [his] cause[s] of action." *Id.* at 1-2.

The Court first notes that Mr. Chavez is not required to present evidence at the motion to dismiss stage and, instead, he may set forth allegations that "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." *See* Fed. R. Civ. P. 11(b)(3).[1] Indeed, at this initial stage, Mr. Chavez must only proffer support for his claims "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances." Fed. R. Civ. P. 11(b). No further evidentiary support is needed—nor is it ordinarily permitted—to survive a motion to dismiss. *See Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017) (explaining that "[w]hen a party presents matters outside of the pleadings for consideration, as a general rule 'the court must … exclude the material'") (internal citations omitted).

The Court further notes that, during the parties' initial scheduling conference, Judge Wormuth asked Mr. Chavez "whether it made sense to stay discovery and initial disclosures until there was a ruling on [the City's] motion to dismiss." (Doc. 21) at 2. In response, "Mr. Chavez stated that staying discovery made sense to him." *Id.* Judge Wormuth also explained that Mr. Chavez's FOIA request, originating "from an external process[,] is a separate and distinct issue from a litigant's discovery obligations." *Id.* at 1. As a result, contrary to Mr. Chavez's current contentions, neither his outstanding FOIA request nor the lack of discovery prohibit this Court's review of the City's Motion.

Nevertheless, Mr. Chavez's response does not combat the substantive arguments proffered in the City's Motion for dismissal. *See* (Doc. 9) at 1-2. Even so, the Court shall

---

1. The Clerk's Office mailed Mr. Chavez a copy of the Local Rules of Civil Procedure and a "Guide for Pro Se Litigants" on July 22, 2020.

independently determine whether it appears "beyond doubt" that Mr. Chavez's Complaint fails to state a claim.  *See Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) (explaining that "even if a plaintiff does not file a response to a motion to dismiss … district court must still examine the allegations in the plaintiff's complaint").  Importantly, the Court construes Mr. Chavez's Complaint as presenting two claims for relief—violations of the Civil Rights Act and the Open Meetings Act.  *See* (Doc. 1-1) at 1-9.  Accordingly, the Court shall assess the City's arguments for dismissal against the claims legibly raised in Mr. Chavez's Complaint.

    A.  *Civil Rights Act Claim*

First, Mr. Chavez's Complaint asserts violations of the Civil Rights Act based on the removal of "the multi-figure La Jornada memorial monument tribute to Oñate … as contrasted with other monuments … representing other ethnic groups, and without due process."  (Doc. 1-1) at 2.  In addition, Mr. Chavez explains that the City willfully acquiesced in conduct "allowing the hostilities to escalate to injury of Hispanics and destruction of public property and attempted murder" during protests surrounding the removal of the statue.  *Id.*  In response, the City argues that Mr. Chavez's contentions fail to state a viable claim for relief.  *See* (Doc. 7) at 2-5.

A plaintiff may not assert a claim for relief strictly under 42 U.S.C. § 1983.  Rather, a plaintiff must assert that a government official violated a specific right secured by the Constitution or elsewhere conferred by federal law.  *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988) (explaining that "[t]o state claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States").  In this way, the Civil Rights Act is merely a vehicle for Mr. Chavez to assert a constitutional or statutory deprivation.  As a result, Mr. Chavez cannot assert a standalone "civil rights" cause of action, absent specification of the underlying right that was allegedly violated.

5

Mr. Chavez's contentions that the City's conduct was "a violation of the Equal Treatment of the Law" or deprived him of "due process" are insufficient to satisfy the Rule 8 pleading standard. *See* (Doc. 1-1) at 6; Fed. R. Civ. P. 8(a)(2) (directing that complaint contain "short and plain statement of the claim showing that the pleader is entitled to relief."); *see also Robbins*, 519 F.3d at 1248 (citing *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007)) (opining that complaint "satisfy the requirement of providing … 'fair notice' of the nature of the claim"). Even with liberal construction of Mr. Chavez's Complaint, the Court is unable to ascertain "*who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *See Robbins*, 519 F.3d at 1250 (citing *Twombly*, 550 U.S. 564-66) (emphasis in original). Rather, Mr. Chavez's contentions—ranging from "attempted murder" to the City's ascent into "mob rule"—fail to make clear the grounds on which he seeks relief. *See id.* (collecting cases) (dismissing claims where "it is impossible for any of the[] individuals to ascertain what particular unconstitutional acts they are alleged to have committed").

Furthermore, to hold a local government liable under Section 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." *McLain v. Sheriff of Mayes Cty.*, 595 Fed. Appx. 748, 753 (10th Cir. 2014) (citing *Myers v. Okla. Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) and *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Here, Mr. Chavez does not identify the City's policy or custom that serves as the "moving force" behind his alleged constitutional deprivation. Mr. Chavez's Complaint, thus, fails to demonstrate both a clear constitutional violation—beyond passing mention of

constitutional principles—and a municipal policy or custom.  For these reasons, the Court dismisses Mr. Chavez's cause of action for a civil rights violation.

    B.  *Open Meetings Act Claim*

Next, Mr. Chavez's Complaint alleges that the city violated the Open Meetings Act when "the Albuquerque Museum Board of Trustees [met] secretly and recommend[ed] to Albuquerque Mayor Tim Keller that he remove and [] dispose of the multi-figure La Jornada memorial monument[.]"  (Doc. 1-1) at 2.  In response, the City contends Mr. Chavez has failed to satisfy the statutory requirements to state a viable claim under the Open Meetings Act.  (Doc. 7) at 6-7.  As a result, the City requests the Court dismiss Mr. Chavez's claim under the Open Meetings Act.  *Id.*

Pursuant to the New Mexico Open Meetings Act, "all meetings of any committee or policy-making body of the legislature held for the purpose of discussing public business or for the purpose of taking any action within the authority of or the delegated authority of the committee or body are declared to be public meetings open to the public at all times."  NMSA 1978, § 10-15-2(A).  To enforce the Act, a litigant must "first provide[] written notice of the claimed violation to the public body" and, "the public body [must] den[y] or not act[] on the claim within fifteen days of receiving it."  NMSA 1978, § 10-15-3(B).  After administrative exhaustion, an individual may apply to the court for relief under the Act.  *Id.*

In his Complaint, Mr. Chavez does not indicate that he exhausted his administrative remedies before filing for relief before this Court.  *See* (Doc. 1-1).  Absent this critical first step, Mr. Chavez is not entitled to relief under the Open Meetings Act, and this Court is not empowered to consider Mr. Chavez's contentions.  *See* NMSA 1978, § 10-15-3.  As a result, the Court dismisses Mr. Chavez's claim under the Open Meetings Act for procedural deficiencies.

### III.     Conclusion

The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. However, Mr. Chavez's Complaint does not allege sufficient facts to withstand judicial scrutiny, even under this lesser burden.  Mr. Chavez likewise does not allege sufficiently clear causes of action upon which this Court may review his Complaint.  Principally, it remains unclear what statutory or constitutional deprivation Mr. Chavez alleges under the Civil Rights Act.

The Court encourages Mr. Chavez to seek relief through the proper forum, where his complaints may be heard and the tribunal has authority to provide the redress he seeks. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992) (limiting federal jurisdiction to "cases" and "controversies").  This Court is not the proper forum to raise general allegations of misgivings against local government decisions, nor is this Court empowered to hear such matters as a court of limited jurisdiction.  Notwithstanding this conclusion, the Court dismisses Mr. Chavez's Complaint without prejudice, in accordance with the general notion of affording leniency to *pro se* litigants.  *See Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (explaining "*pro se* parties generally should be given leave to amend").  For this reason, the City's Motion is denied in part, to the extent that it requests dismissal of Mr. Chavez's Complaint with prejudice.

IT IS, THEREFORE, ORDERED that

1. Defendant City of Albuquerque's Motion to Dismiss Mr. Chavez's Complaint with Prejudice in Lieu of Answer (Doc. 7) is granted in part and denied in part;
2. Mr. Chavez's Complaint is dismissed without prejudice; and
3. This case is administratively closed.

_____
UNITED STATES DISTRICT JUDGE